HAWKINS, Judge.
 

 Conviction is for transporting intoxicating liquor. Punishment, one year in the penitentiary.
 

 No exceptions were taken to the charge of the court, neither were any special instructions requested. The only question presented is the sufficiency of the evidence.
 

 On the day of appellant’s arrest the officers saw him and his cousin, Lum Murray, in a buggy on the public road. The buggy was standing still at the time it was first seen by the officers but appellant and his companion started away as tbe officers approached. They were overtaken after they had gone a short distance. The officers found in the pocket of appellant’s coat two pint bottles of whisky and in the buggy in a tow-sack they found four quart bottles of whisky. It was appellant’s contention that he was subject to cramping spells and used whisky for the purpose of relieving it; that he had just bought the whisky at the point where the officers first discovered the buggy, and had started home with it intending to use it as a medicine. The evidence shows that on the same day of, but prior to the arrest, he had talked to a witness by the name of Warner, asking him if he would not like to have a drink, and telling him he thought he knew where he could get something. Warner told him he sometimes drank but did not want any at that time.
 

 The jury were told if appellant was transporting the liquor for medicinal purposes he would not be guilty under the law, and that if
 
 *642
 
 they entertained a reasonable doubt as to whether he was transporting it for such purpose they should acquit him. The jury was supported by the evidence in reaching the verdict. We would not be authorized to disturb their finding.
 

 The judgment is affirmed.
 

 Affirmed.